# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ANDERSON, | Case No. 1:14-cv-01380-MJS (PC) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM** |
| v. | **(ECF No. 1)** |
| CHRIS KRPAN, et al., | **THIRTY-DAY DEADLINE** |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on September 4, 2014 pursuant to 42 U.S.C. § 1983.

The Complaint is before the Court for screening.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee,

1

or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

2

**III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff names as Defendants (1) Chris Krpan, Sierra Conservation Camp ("SCC") Physician, and (2) Michael Foster, SCC Physician.

His primary allegations can be summarized essentially as follows:

Plaintiff had reconstructive ankle surgery in February 2012. Following surgery, he suffered pain and swelling and his ankle was unstable. He was wheelchair bound for a while, and then was dependent on a cane.

Plaintiff transferred to SCC in late 2012. He saw Defendant Foster for an initial medical evaluation on November 6, 2012. Foster noted the ankle was swollen, heard Plaintiff's complaints of ongoing severe pain, and reviewed Plaintiff's medical records including an August 2012 MRI showing a possible dislocation of the fibula. Foster stated he would refer Plaintiff to an orthopedic specialist. Foster did not refer Plaintiff to an orthopedist until January 13, 2013.

Plaintiff was examined by Defendant Krpan on February 14, 2013. Krpan noted the swollen ankle, reviewed Plaintiff's medical records including the August MRI showing possible fibula dislocation, and a February 2013 x-ray showing floating bone particles in the ankle. Krpan also noted physical therapy had not caused improvement in Plaintiff's symptoms. Krpan did not confirm the fibula was dislocated or take action to correct it. Krpan did not refer Plaintiff for surgery to remove the bone particles.

Plaintiff maintains both Defendants viewed his urgent need for medical treatment as simply routine, delaying treatment of the "core cause" of his continuing ankle pain and swelling. (Compl., ECF No. 1, at 7:20.)

Plaintiff seeks monetary damages and an order that he receive adequate medical treatment.

1   **IV.   DISCUSSION**

2       **A.   Medical Indifference**

3       "[T]o maintain an Eighth Amendment claim based on prison medical treatment,

4   an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*,

5   439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Estelle v. Gamble*, 429 U.S. 97, 106

6   (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that

7   failure to treat a prisoner's condition could result in further significant injury or the

8   unnecessary and wanton infliction of pain," and (2) "the defendant's response to the

9   need was deliberately indifferent." *Jett*, 439 F.3d at 1096, quoting *McGuckin v. Smith*,

10  974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v.*

11  *Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). Mere negligence is not indifference. See

12  *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at

13
14  105-06 (1976).

15

16      Where a delay in treatment is alleged, the plaintiff must show it led to further

17  significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at

18  1096. The delay is a constitutional violation only if it caused the prisoner "substantial

19  harm." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

20
21      If the prison's medical staff is not competent to examine, diagnose, and treat

22  inmates' medical problems, they must "refer prisoners to others who can."  *Hoptowit v.*

23  *Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by *Sandin v.*

24  *Connor*, 515 U.S. 472 (1995).

25      Plaintiff's post-surgical ankle presented a serious need for medical treatment.

26
27  *Jett*, 439 F.3d at 1096. However, his allegations are not such as to suggest Defendants

28  were knowingly indifferent to his needs.

4

Plaintiff describes a questionable two month delay in obtaining an orthopedic consultation, but pleads no facts to suggest that Defendant Foster was aware of or responsible for that delay, much less that Foster intentionally denied, delayed or interfered with the referral. For that matter, the allegations alone are not sufficient to demonstrate that the two month delay was medically unacceptable or caused Plaintiff substantial harm. See *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004); cf., *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference). Plaintiff's facts do not reflect that his condition or symptoms worsened during the two month delay or that his symptoms would have been alleviated earlier had the orthopedic consult occurred earlier.

Plaintiff's clearly disagrees with the treatment decisions of Defendant Krpan. However, he does not allege facts that would suggest the chosen treatment was medically unacceptable and reflected a conscious disregard of an excessive risk to his health. See *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996). Nothing suggests Krpan intentionally disregarded Plaintiff's medical needs or knowingly provided medically unacceptable care.

Plaintiff will be given leave to file an amended pleading. If he chooses to do so, he must state specifically what each Defendant should have done and did or did not do that denied, delayed or interfered with his medical care, or amounted to medically unacceptable care, and how it harmed him. As explained above, alleging delay in desired treatment or disagreement with the treatment chosen is not enough. To state a cognizable claim, Plaintiff should state as clearly and factually as possible why and how

5

the delay in treatment made his condition worse, how he knows that and whether a

Defendant was aware of that and intentionally disregarded the risk or caused the delay.

He must set forth facts showing that the course of treatment prescribed reflected a

knowing intentional disregard for his care, not just a course he thought was wrong.

**B.     CDCR Medical Policy**

Plaintiff claims Defendants' alleged indifference violated Title 15 prison

regulations and institutional policies and procedures for inmate medical services.[1] This

claim fails for several reasons. First, the indifference claim is deficient for the reasons

stated above. Second, the Complaint merely extracts regulatory and policy language

without explaining how and why it applies to Plaintiff's facts and supports his claims.

Third, Plaintiff does not support his individual standing to enforce CDCR regulations and

policy, i.e., does not show he has a right to sue to enforce. Plaintiff has no individualized

right to enforce Title 15 regulations. See *Chappell v. Perez*, 2011 WL 2296816, *2

(E.D. Cal. June 8, 2011); *Lamon v. Cate*, 2011 WL 773046, *9 (E.D. Cal. February 28,

2011). The same presumptively applies to policies implementing such regulations.

Plaintiff makes no showing otherwise.

**C.     Injunctive Relief**

Plaintiff may not seek injunctive relief where there is no underlying federal claim.

*City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show a "case

or controversy" and "real and immediate" threat of injury). Plaintiff's pleading does not

state any cognizable claim against named Defendants for the reasons stated. His

disagreement with Defendants' treatment of his ankle does not alone suggest a present

and immediate threat of irreparable harm. *Id.*

---

[1] Plaintiff cites to Cal. Code Regs. tit. 15 §§ 3350-59, and California Department of Corrections and Rehabilitation Inmate Medical Services Policies and Procedures.

1  **V.    CONCLUSIONS AND ORDER**

2        The Complaint fails to state any cognizable claim. The Court will provide Plaintiff

3  with an opportunity to file an amended complaint that cures noted deficiencies. *Noll v.*

4  *Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

5        If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P.

6  8(a), but must state what each named Defendant did or did not do that led to the

7  deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78,

8  consistent with this Order. Although accepted as true, the "[f]actual allegations must be

9  [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S.

10 at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated

11 claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

12
13       Finally, an amended complaint supersedes the original complaint, *Lacey v.*

14 *Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012), and must be "complete in itself

15 without reference to the prior or superseded pleading." Local Rule 220.

16
17       Based on the foregoing, it is HEREBY ORDERED that:

18       1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

19             complaint form and (2) a copy of his Complaint filed September 4, 2014,

20       2.    Plaintiff's Complaint (ECF No. 1) is DISMISSED for failure to state a claim

21             upon which relief may be granted,

22
23       3.    Plaintiff shall file an amended complaint within thirty (30) days from

24             service of this Order, and

25       4.    If Plaintiff fails to file an amended complaint in compliance with this Order,

26             the undersigned will recommend the action be dismissed, with prejudice,

27             for failure to state a claim and failure to prosecute, subject to the "three

28

strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v, Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   September 15, 2014          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE