# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRIS KRPAN, et al.,<br><br>    Defendants. | Case No.  1:14-cv-01380-AWI-MJS (PC)<br><br>**ORDER STRIKING FIRST AMENDED COMPLAINT AND REQUIRING PLAINTIFF TO FILE A SIGNED AMENDED PLEADING**<br><br>**(ECF No. 9)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on September 4, 2014 pursuant to 42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim.

Before the Court for screening is the First Amended Complaint.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee,

1

or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

## III. THE FIRST AMENDED COMPLAINT

Plaintiff names as Defendants (1) Chris Krpan, Sierra Conservation Camp ("SCC") Physician, and (2) Michael Foster, SCC Physician.

His allegations can be summarized essentially as follows:

Plaintiff had reconstructive ankle surgery in February 2012. Following surgery, he suffered pain and swelling, and his ankle was unstable. He was wheelchair bound for a while and then was dependent on a cane.

Plaintiff transferred to SCC in late 2012. He saw Defendant Foster for an initial medical evaluation on November 6, 2012. Foster noted the ankle was swollen, heard Plaintiff's complaints of ongoing severe pain, and reviewed Plaintiff's medical records including an August 2012 MRI showing a possible dislocation of the fibula. Foster stated he would refer Plaintiff to an orthopedic specialist. Foster did not refer Plaintiff to an orthopedist until January 13, 2013.

Plaintiff was examined by Defendant Krpan on February 14, 2013. Krpan noted the swollen ankle, reviewed Plaintiff's medical records including the August MRI and a February 2013 x-ray showing floating bone particles in the ankle. Krpan also noted physical therapy had not improved Plaintiff's symptoms. Krpan did not confirm the fibula dislocation and correct it. Krpan did not refer Plaintiff for surgery to remove the bone particles.

Plaintiff maintains both Defendants viewed his urgent need for medical treatment as simply routine, delaying treatment of the possibly dislocated fibula and floating bone fragments, and causing Plaintiff continuing and worsening ankle pain and swelling.

Plaintiff seeks monetary damages, an order that he receive adequate medical treatment and declaratory relief.

3

## IV. DISCUSSION

### A. Pleading Unsigned

The First Amended Complaint is unsigned. The Court cannot consider unsigned filings and therefore, the First Amended Complaint shall be stricken from the record. Plaintiff has thirty days to file a signed amended pleading that complies with Federal Rule of Civil Procedure 8(a) and this Order.

### B. No Cognizable Claim

Even if the First Amended Complaint were signed, it sets forth no cognizable claim for reasons stated in the initial screening order (See ECF No. 5), summarized as follows.

#### 1. Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096, quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). Mere negligence is not indifference. See *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06 (1976).

Plaintiff's post-surgical ankle presented a serious need for medical treatment. *Jett*, 439 F.3d at 1096. *McGuckin*, 974 F.2d at 1059–60 (the existence of an injury that a

4

reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment).

However, Plaintiff's belief that his ankle required urgent treatment appears to be based solely on his lay opinion and speculation. He does not reference any medical findings or opinions or other evidence in support of these claims nor any facts which would suggest he is qualified to diagnose such conditions, Plaintiff's beliefs in these regards, no matter how sincerely held, and his desire for alternative treatment, are not a basis for a civil rights claim. Here, nothing suggests Defendants intentionally provided medically unacceptable care. So long as his treatment was adequate, that Plaintiff might have preferred different treatment does not give rise to a civil rights violation. *Evan v. Manos*, 336 F.Supp.2d 255, 261 (W.D.N.Y. 2004); see also *Veloz v. New York*, 339 F.Supp.2d 505, 521 (S.D.N.Y. 2004) ("To establish deliberate indifference, plaintiff must demonstrate that the defendants actually wished him harm, or at least, were totally unconcerned with his welfare."), citing *Hathaway v. Coughlin*, 37 F.3d 63, 69 (2d Cir. 1994).

Mere disagreement with treatment decisions is not a basis for an inadequate medical care claim unless the treatment chosen is medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health. See *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff makes no such showing here.

There is no factual basis to claim Defendants Foster and Krpan knowingly denied, delayed, or interfered with medically necessary consultation and treatment, or

5

provided medically unacceptable care, causing harm to Plaintiff. See *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004); cf., *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference).

Significantly, Plaintiff omits description of the diagnosis, prognosis and treatment plan created as a result of his January 2013 consultation with the orthopedic specialist. Plaintiff was previously instructed that merely citing to CDCR medical policy, without facts showing intentional indifference to the policy and resulting harm does not state a federal rights violations.

Plaintiff will be given leave to file an amended pleading. If he chooses to do so, he must allege <u>facts</u> demonstrating how each Defendant knowingly denied, delayed or interfered with medically necessary care for his ankle, or knowingly provided care that was medically unacceptable, causing him harm.

  2.  Injunctive Relief

Plaintiff may not seek injunctive relief where, as here, there is no underlying federal claim. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show a "case or controversy" and "real and immediate" threat of injury). His disagreement with Defendants' care and treatment of his post-surgical ankle does not alone suggest a present and immediate threat of irreparable harm. *Id.*

Plaintiff's amended pleading does not state any cognizable claim against named Defendants for the reasons summarized above and stated with greater specificity in the initial screening order. Injunctive relief is moot.

3.      Declaratory Relief

Plaintiff seeks declaratory relief, but because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Therefore, this action properly proceeds as one for damages and injunctive relief only.

## V.    CONCLUSIONS AND ORDER

The First Amended Complaint is unsigned and fails to state any cognizable claim. The Court will provide Plaintiff with **one final** opportunity to file an amended complaint, duly signed, that cures noted deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did or did not do that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The First Amended Complaint (ECF No. 9) is STRICKEN from the record for lack of signature,

2. Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed October 3, 2014,

3. Plaintiff shall file a signed amended complaint within thirty (30) days from service of this Order, and

4. If Plaintiff fails to file a signed amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v, Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   October 24, 2014                    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE