UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ANDERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>CHRIS KRPAN, et al.,<br><br>  Defendants. | CASE NO. 1:14-cv-01380-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF NO. 16)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 4 & 14.)

Plaintiff's complaint (ECF No. 1) was dismissed for failure to state a claim, but he was given leave to amend (ECF No. 5.) On October 3, 2014, Plaintiff filed a first amended complaint. (ECF No. 9.) On October 27, 2014, the Court struck Plaintiff's first amended complaint because it was unsigned. (ECF No. 10.) The Court instructed Plaintiff to file a signed amended pleading within thirty days. (Id.) The Court also noted that the unsigned first amended complaint was substantively deficient, advised Plaintiff of the legal standards applicable to what appeared to be Plaintiff's claims, and instructed Plaintiff to cure the deficiencies in his amended pleading. (Id.)

Plaintiff then filed another, unsigned first amended complaint on December 31, 2014. (ECF No. 14.) On January 29, 2015, the Court struck Plaintiff's complaint because

it was unsigned, once again instructed Plaintiff to file a signed amended pleading, and again advised Plaintiff of the legal standards applicable to what appeared to be Plaintiff's claims. (ECF No. 15.)

Plaintiff filed a signed first amended complaint on February 2, 2015. (ECF No. 16.) On February 11, 2015, the Court filed an order noting that Plaintiff's signed pleading was nearly identical to the prior pleadings the Court had found deficient, and that it had been signed and mailed prior to the Court's most recent screening order. (ECF No. 17.) The Court afforded Plaintiff an opportunity to withdraw his signed amended pleading and to file a pleading that cured the deficiencies noted in the Court's screening order. Plaintiff did not respond to the Court's order or file an amended pleading within the time allotted.

Accordingly, the Court herein proceeds with screening Plaintiff's February 2, 2015 signed first amended complaint. (ECF No. 16.) The pleading is taken largely verbatim from his first attempt and second unsigned attempts to amend, and therefore bears the same deficiencies as the stricken pleadings. (Compare ECF Nos. 9, 14, and 16.) The only apparent differences are minor changes in the introduction and the request for relief. The Court, therefore, repeats much of the substance of the prior screening order. (See ECF Nos. 10 and 15.)

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendants (1) Chris Krpan, Sierra Conservation Camp ("SCC") Physician, and (2) Michael Forster, SCC Physician.

His allegations may be summarized essentially as follows:

3

Plaintiff had reconstructive ankle surgery in February 2012. Following surgery, he suffered pain and swelling, and his ankle was unstable. He was wheelchair bound for a while and then was dependent on a cane.

Plaintiff transferred to SCC in late 2012. He saw Defendant Forster for an initial medical evaluation on November 6, 2012. Forster noted the ankle was swollen, heard Plaintiff's complaints of ongoing severe pain, and reviewed Plaintiff's medical records including an August 2012 MRI showing a possible dislocation of the fibula. Forster stated he would refer Plaintiff to an orthopedic specialist. Forster did not refer Plaintiff to an orthopedist until January 13, 2013.

Plaintiff was examined by Defendant Krpan on February 14, 2013. Krpan noted the swollen ankle, and reviewed Plaintiff's medical records including the August MRI and a February 2013 x-ray showing floating bone particles in the ankle. Krpan also noted physical therapy had not improved Plaintiff's symptoms. Krpan did not confirm the fibula dislocation and correct it. Krpan did not refer Plaintiff for surgery to remove the bone particles.

Plaintiff maintains both Defendants viewed his urgent need for medical treatment as simply routine, delaying treatment of the possibly dislocated fibula and floating bone fragments, and causing Plaintiff continuing and worsening ankle pain and swelling.

Plaintiff seeks monetary damages, declaratory relief, and an injunction requiring Defendants to provide adequate medical care.

### IV.     ANALYSIS – MEDICAL INDIFFERENCE

A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett

v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)).

Plaintiff's post-surgical ankle presented a serious need for medical treatment. Jett, 439 F.3d at 1096; McGuckin, 974 F.2d at 1059-60 (the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment).

However, Plaintiff's belief that his ankle required urgent treatment appears to be based solely on his lay opinion and speculation. He does not reference any medical findings or opinions or other evidence in support of these claims nor any facts which would suggest he is qualified to diagnose such conditions. Plaintiff's beliefs, no matter how sincerely held, and his desire for alternative treatment, are not a basis for a civil rights claim unless the course of treatment chosen is medically unacceptable and in

5

conscious disregard of an excessive risk to the prisoner's health. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Nothing suggests Defendants intentionally provided medically unacceptable care. Evan v. Manos, 336 F. Supp. 2d 255, 261 (W.D.N.Y. 2004); see also Veloz v. New York, 339 F. Supp. 2d 505, 521 (S.D.N.Y. 2004) ("To establish deliberate indifference, plaintiff must demonstrate that the defendants actually wished him harm, or at least, were totally unconcerned with his welfare." (brackets omitted) (citing Hathaway v. Coughlin, 37 F.3d 63, 69 (2d Cir. 1994))). Plaintiff's allegations are insufficient to allege anything other than a difference of opinion regarding appropriate treatment.

There is no factual basis to claim Defendants Forster and Krpan knowingly denied, delayed, or interfered with medically necessary consultation and treatment, or provided medically unacceptable care, causing harm to Plaintiff. See Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004); cf. Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference). Significantly, Plaintiff omits description of the diagnosis, prognosis and treatment plan created as a result of his January 2013 consultation with the orthopedic specialist.

Plaintiff points to CDCR policies that require referral to a specialist for urgent medical needs be made within fifteen days. However, Plaintiff previously was instructed that merely citing to CDCR medical policy, without facts showing intentional indifference to the policy and resulting harm does not state a federal rights violations.

## V. CONCLUSION AND ORDER

Plaintiff's first amended complaint fails to state a cognizable claim. He previously was advised of this deficiency and afforded the opportunity to correct it. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 9, 2015                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE