UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS KRPAN, et al.,<br><br>Defendants. | Case No. 1:14-cv-01380-AWI-MJS (PC)<br><br>**ORDER GRANTING U.S. MARSHALS' REQUEST FOR REIMBURSEMENT OF COSTS OF SERVING DEFENDANT KRPAN**<br><br>**(ECF No. 49)** |

## I. BACKGROUND

On February 13, 2017, the Court ordered the United States Marshal to serve process upon Defendant Krpan. (ECF No. 35.) The Marshal was directed to attempt to secure a waiver of service before attempting personal service on Krpan. If a waiver of service was not returned by Defendant within sixty days, the Marshal was directed to effect personal service on Defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal

1

1 service.

2 On April 14, 2017, Defendant Krpan filed an answer to the complaint. (ECF No.
3 40.)

4 On May 26, 2017 the United States Marshal filed a return of service with a USM-
5 285 form showing charges of $278.70 for effecting personal service on Defendant
6 Krpan. (ECF No. 49.) The form shows that a waiver of service form was mailed to
7 Defendant Krpan on February 16, 2017. No response was received within the sixty day
8 time period allotted[1], and accordingly the summons was assigned for personal service
9 on April 21, 2017. Defendant Krpan was personally served on May 5, 2017.

10 The Court ordered Defendant Krpan to show cause why costs of service should
11 not be imposed against him. (ECF No. 50.) In response, counsel for Defendant Krpan
12 stated that he inadvertently failed to return a waiver of service form because of a
13 "mistaken belief" that Defendant's filing of an answer "obviated any further effort at
14 service." (ECF No. 51.)

## II. **DISCUSSION**

16 Rule 4 provides that "[a]n individual, corporation, or association that is subject to
17 service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving
18 the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States
19 fails, without good cause, to sign and return a waiver requested by a plaintiff located
20 within the United States, the court must impose on the defendant . . . the expenses later
21 incurred in making service . . . ." Fed. R. Civ. P. 4(d)(2)(A).

22 It appears that Defendant Krpan was given the opportunity required by Rule
23 4(d)(1) to waive service. Krpan did in fact fail to comply with the request. It was that
24 failure which led to the costs of personal service being incurred. It is thus fitting that
25 Krpan, whose counsel's apparently innocent error caused the costs to be incurred, bear
26 those costs. Accordingly, the Court finds that costs incurred in effecting service should

---

[1] Defendant Krpan concedes that he did not return the waiver request. (ECF No. 51.)

be imposed upon Defendant Krpan.

**III.** <u>**ORDER**</u>

For the reasons stated, IT IS HEREBY ORDERED that

1. The request by the U.S. Marshals Service for reimbursement of $278.70 in costs incurred in serving Defendant Krpan (ECF No. 49) is GRANTED; and

2. Within thirty days of the date of service of this order, Defendant Krpan shall remit payment in the amount of $278.70, clearly marked with reference to Defendant Krpan and case number 1:14–cv–01390–AWI–MJS (PC), to:

>  United States Marshals Service
>  501 I Street, Fifth Floor, Ste. 5600
>  Sacramento, California 95814

IT IS SO ORDERED.

Dated: June 13, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE