UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS KRPAN, et al.,<br><br>Defendants. | CASE NO. 1:14-cv-01380-MJS (PC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br><br>(ECF NO. 55) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's second amended complaint against Defendants Krpan and Foster on Eighth Amendment medical indifference claims. (ECF No. 28, 30.)

On April 27, 2017, this Court set the Discovery and Scheduling Order ("DSO"). (ECF No. 42.) The deadline set by the DSO for filing motions for summary judgment for failure to exhaust administrative remedies was July 27, 2017; the deadline to amend pleadings was October 27, 2017; the discovery deadline was December 27, 2017, and the deadline to file all other dispositive motions is March 8, 2018. (Id.)

Before the Court is Defendant Krpan's December 05, 2017, motion to modify the DSO. (ECF No. 55.) Therein, Defendant seeks to (i) extend the deadline to amend

pleadings to January 15, 2018; and (ii) extend the deadline to file motions for summary judgment for failure to exhaust administrative remedies to March 8, 2018. (Id.) Plaintiff opposes the motion. (ECF No. 56.) Defendant filed no reply. The matter is deemed submitted. Local Rule 230(*l*).

**I.    Legal Standard**

Under Federal Rule of Civil Procedure 16, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b)(4), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). While courts may allow post-deadline amendments, the moving party must demonstrate that it was diligent in seeking amendment. Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

**II.    Analysis**

Defendant's motion will be denied.  He has not established good cause for a modification of the DSO.

Defendant contends that he did not allege exhaustion as an affirmative defense because he did not have the necessary administrative records. (ECF No. 55-1.) He states that on May 17, 2017, he subpoenaed medical records from the California Department of Corrections and Rehabilitation ("CDCR") and the records produced did not contain any administrative proceedings initiated by Plaintiff. (Id. at 3); See Decl. of Sanford, Ex. A (ECF No. 55-3.) (requesting, "Incarceration records, inmate records to include but not limited to ANY/ALL medical treatment, and/or documentation by any medical staff member and/or any healthcare provider relating to injury(s) or any medical issue during plaintiff's . . . incarceration.") Defendant indicates that on August 25, 2017, he sent interrogatories to Plaintiff requesting documents relating to administrative proceedings and that Plaintiff did not produce those. (Id. at 3-4); see Decl. of Sanford, Exs. B, C, D, E (ECF Nos. 55-4, 55-5, 55-6, 55-7.) Defendant also states that on December 01, 2017, he issued another subpoena to CDCR specifically requesting administrative records and CDCR replied that it would not be able to produce those records until December 20, 2017. (Id. at 4). Decl. of Sanford, Ex. F (ECF No. 55-8.)

The foregoing does not demonstrate due diligence in complying with the DSO. The initial subpoenas to CDCR, issued on May 17, 2017, were for medical records and did not request or even mention administrative records. See Decl. of Sanford, Ex. A (ECF No. 55-3.) Defendant had notice of the existence, and even the appropriate log number, of the relevant administrative records from Plaintiff's complaint. (See ECF No. 16 at 10.) No unforeseen circumstance has arisen; the failure to request these records in due time reflects a lack of diligence. See Johnson, 975 F.2d at 609. Defendant did not request administrative records until almost a month after the July 27 deadline for filing a motion (for summary judgment for failure to exhaust administrative remedies in reliance on those records. See Decl. of Sanford, Ex. B (ECF No. 55-4 at 4) (interrogatories to Plaintiff were not sent until August 25, 2017)); see also Decl. of Sanford, Exs. C, D, E, F (ECF Nos. 55-5, 55-6, 55-7, 55-8.)

| | |
|---|---|
| 1 | Furthermore, Defendant did not promptly, diligently seek to amend the DSO once |
| 2 | it became clear that he could not comply with the deadline. See Kuschner, 256 F.R.D. at |
| 3 | 687 (noting that failure to diligently request amendment in a timely manner demonstrates |
| 4 | a lack of due diligence). He did not so move until December 05, 2017, nearly five months |
| 5 | after the deadline for submitting motions for failure to exhaust administrative remedies |
| 6 | and nearly two months after the deadline to amend the pleadings. He attributes delay to |
| 7 | Plaintiff's allegedly deficient responses to discovery, but neither requested an |
| 8 | amendment to allow time to seek better responses or sought to compel discovery. |

Defendant has not demonstrated sufficient grounds to amend the scheduling order.

Finally, Plaintiff contends that he has, in fact, exhausted his administrative remedies and provides a log number for the relevant appeal. Defendant provides no basis to suggest that an exhaustion defense is available. It is of concern that Defendant anticipated receiving appeal records on or before December 20, 2017, i.e., before his reply on this motion was due, but has not since even advised the Court whether the records support or defeat the failure to exhaust claim.

Accordingly, IT IS HEREBY ORDERED that Defendant's December 05, 2017 motion to modify the DSO (ECF No. 55) is DENIED.

IT IS SO ORDERED.

Dated:   January 11, 2018        /s/ *Michael J. Seng*
                                                                UNITED STATES MAGISTRATE JUDGE