UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ANDERSON, | Case No. 1:14-cv-01380-AWI-JDP |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF MEDICAL EXPERT |
| v. | ECF No. 68 |
| CHRIS KRPAN, *et al.*, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. ECF No. 16. This action now proceeds on the first amended complaint, filed on February 2, 2015, against defendants Chris Krpan and Michael Forster, physicians who treated plaintiff. *Id.*; ECF No. 30. Plaintiff alleges deliberate indifference to his serious medical needs in violation of the Eighth Amendment. ECF No. 16 at 9.

On May 11, 2018, plaintiff moved for the appointment of an independent medical expert. ECF No. 58. Plaintiff asserts that this appointment is "necessary to establish the required standard of care and to show that defendants deviated from it." ECF No. 68 at 1. Defendant Forster did not oppose the motion, but defendant Krpan filed an opposition on May 21, 2018, ECF No. 69. The motion was submitted on the record without oral argument under Local Rule

230(*l*) and is now before the court. For the reasons discussed below, plaintiff's motion will be denied.

Federal Rule of Evidence 706 allows a district court to appoint an expert on either its own motion or the motion of a party. Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070-71 (9th Cir. 1999). "A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters." *Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014). Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case. *See Gorton v. Todd*, 793 F. Supp. 2d 1171, 1181 (E.D. Cal. 2011). Additionally, expert witnesses should not be appointed to serve as an advocate for a party. *See Faletogo v. Moya*, No. 12CV631 GPC (WMC), 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013).

The statute authorizing plaintiff's *in forma pauperis* status does not authorize the expenditure of public funds for expert witnesses. *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (holding that expenditure of public funds on behalf of indigent litigants is proper only when authorized by Congress). An indigent litigant must bear his or her own costs of litigation, including costs associated with witnesses. *See Tedder*, 890 F.2d at 211. Although a court may apportion costs for the expert witnesses among the parties, including apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker*, 180 F.3d at 1071, when the cost would likely be apportioned to the state, the court should exercise caution. *Moore v. Gipson*, No. 113CV01820BAMPC, 2018 WL 6330409, at *1-2 (E.D. Cal. Dec. 4, 2018).

After reviewing plaintiff's motion and the operative complaint, we conclude that the issues in this case are not so complex as to require the testimony of a court-appointed expert to assist the trier of fact. Plaintiff alleges an Eighth Amendment deliberate indifference claim in his amended complaint. ECF No. 16 at 9. To prevail on his claim, plaintiff must show that defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1983). In the context of such a claim, "the question of whether the prison officials displayed deliberate indifference to [plaintiff's] serious medical needs [does] not demand

that the jury consider probing, complex questions concerning medical diagnosis and judgment." *Levi v. Dir. of Corr.*, 2006 WL 845733 at *2 (E.D. Cal. 2006) (quoting *Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)). Rather, the jury will need to consider the prison official's subjective knowledge of any risks to plaintiff's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2002). Further, the determination of whether plaintiff's medical needs were sufficiently "serious" to amount to an Eighth Amendment violation will depend on plaintiff's subjective testimony regarding the extent of his injuries and how his injuries impacted his daily life. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). The assistance of a court-appointed expert would not be significantly useful for the trier of fact under these circumstances.

      Plaintiff lists several reasons an independent expert should be appointed, including "to show that defendants deviated from [the standard of care]"; "to avoid a wholly one-sided presentation of opinions"; "to prove [plaintiff] had a serious medical need"; and "to [balance] the available professional opinions concerning plaintiff's medical claims." ECF No. 58 at 1-2. Plaintiff's asserted reasons suggest that he is seeking an advocate rather than a neutral expert. As noted above, Rule 706 does not contemplate that expert witnesses be appointed to serve as an advocate for a party. *Faletogo*, 2013 WL 524037, at *2.

      The facts of this case are no more extraordinary and the legal issues are no more complex than those found in the majority of § 1983 prisoner civil rights cases before this court. Plaintiff, who is proceeding *in forma pauperis*, has not indicated that he could pay for costs associated with such an expert, so the cost would likely be apportioned to the state. Under these circumstances, it would be unjust to require the government to bear the cost of an unnecessary court-appointed expert.

**Order**

For the reasons discussed above, plaintiff's motion for appointment of an independent expert, ECF No. 68, is denied.

IT IS SO ORDERED.

Dated: <u>  January 24, 2019  </u>            _____
                                                                  UNITED STATES MAGISTRATE JUDGE